# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **BANK OF AMERICA CORPORATION** (fka NationsBank) and Subsidiaries, as successor by merger to **BANKAMERICA CORPORATION** and Subsidiaries, as successor by merger to **FLEETBOSTON FINANCIAL CORPORATION** and Subsidiaries as successor by merger to **BANKBOSTON CORPORATION** and Subsidiaries and to **SUMMIT BANCORP** and Subsidiaries, as successor by merger to **MBNA CORPORATION** and Subsidiaries, as successor by merger to **MERRILL LYNCH & CO., INC.** and Subsidiaries,<br><br>        **Plaintiff,**<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>        **Defendant.** | No. _____ |

## **COMPLAINT**

Plaintiff, Bank of America Corporation and Subsidiaries, formerly known as "NationsBank" (hereinafter referred to as "Bank of America") on its own behalf and as successor by merger to BankAmerica Corporation and Subsidiaries, FleetBoston Financial Corporation and Subsidiaries ("Fleet"), BankBoston Corporation and Subsidiaries ("BankBoston"), Summit Bancorp and Subsidiaries ("Summit"), MBNA Corporation and Subsidiaries ("MBNA"), and Merrill Lynch & Co., Inc. and Subsidiaries ("Merrill Lynch"), brings this action against the

1

Defendant, the United States of America, seeking additional statutory interest and recovery of overpaid underpayment interest arising under Internal Revenue Code ("I.R.C.") Sections 6601, 6611, and 6621. This suit is with respect to the following entities and taxable years:

a) BankBoston tax years ended December 1993, December 1994, December 1998, and September 1999;

b) Fleet tax years ended December 2000, December 2002, December 2003, and March 2004;

c) Merrill Lynch tax years ended December 1987, December 1988, December 1990, December 1991, December 1992, December 1993, December 1994, December 1995, December 1996, December 1997, December 1998, December 1999, December 2000, December 2001, December 2002, December 2003, December 2004, December 2005, and December 2006;

d) Summit tax years ended December 1998, December 1999, and December 2000;

e) MBNA tax years ended December 1997, December 1999, December 2001, December 2002, December 2003, December 2004, and December 2005;

f) Bank of America tax years ended December 1996, December 2000, December 2001, December 2002, December 2003, December 2004, December 2005, December 2006, December 2007, December 2008, and December 2009; and

g) BankAmerica tax years ended December 1989, December 1991, December 1992, December 1993, December 1995, and December 1996.

In support of its claim, Plaintiff alleges as follows:

2

# IDENTITY OF THE PARTIES

1. Bank of America Corporation is a domestic corporation, organized and existing under the laws of the State of Delaware with its principal executive offices and corporate headquarters in Charlotte, North Carolina. Its employer identification number ("EIN") is XX-XXX6609. Bank of America Corporation is the common parent and agent (under Treasury Regulation section 1.1502-77(a)) of the Bank of America affiliated group of corporations that files consolidated Forms 1120 federal income tax returns.

2. Bank of America is the successor by merger to Fleet, and Fleet was the successor by merger to BankBoston and Summit.

   a. BankBoston merged with and into FleetBoston (then known as Fleet Financial Group, Inc.) on October 1, 1999. BankBoston Corporation was a domestic corporation and the common parent and agent of the BankBoston Corporation affiliated group of corporations that filed consolidated Forms 1120 federal income tax returns. Its EIN was XX-XXX1221

   b. Summit merged with and into Fleet on March 1, 2001. Summit Bancorp. was a domestic corporation and the common parent and agent of the Summit affiliated group of corporations that filed consolidated Forms 1120 federal income tax returns. Its EIN was XX-XXX3313.

   c. Fleet merged with and into Bank of America on April 1, 2004. FleetBoston Financial Corporation was a domestic corporation and the common parent and agent of the Fleet affiliated group of corporations that filed consolidated Forms 1120 federal income tax returns. Its EIN was XX-XXX1324.

3. Bank of America is the successor by merger to BankAmerica. BankAmerica merged with and into Bank of America on September 30, 1998. BankAmerica Corporation was a domestic corporation and the common parent and agent of the BankAmerica affiliated group of corporations that filed consolidated Forms 1120 federal income tax returns. Its EIN was XX-XXX1731.

4. Bank of America is the successor by merger to MBNA. MBNA merged with and into Bank of America on January 1, 2006. MBNA Corporation was a domestic corporation and the common parent and agent of the MBNA affiliated group of corporations that filed consolidated Forms 1120 federal income tax returns. Its EIN was XX-XXX3088.

5. Bank of America acquired Merrill Lynch on January 1, 2009; Merrill Lynch joined the Bank of America consolidated group at that time.

6. Bank of America is the successor by merger to Merrill Lynch. Merrill Lynch merged with and into Bank of America on October 1, 2013. Merrill Lynch & Co., Inc. was a domestic corporation and the common parent and agent of the Merrill Lynch affiliated group of corporations that filed consolidated Forms 1120 federal income tax returns. Its EIN was XX-XXX0599.

7. Defendant is the United States of America.

## JURISDICTION

8. This is an action arising under the laws of the United States for the recovery of overpaid underpayment interest under I.R.C. Sections 6601 and 6621 and for additional overpayment interest under I.R.C. Sections 6611 and 6621, owed by Defendant to Plaintiff.

4

9. This Court has jurisdiction over this case pursuant to I.R.C. Section 7422 and 28 U.S.C. 1346(a).

10. Plaintiff is filing this Complaint within the time periods specified in I.R.C. Section 6532 and 28 U.S.C. §§ 2401 and 2501.

## STATEMENT OF CLAIM

11. Plaintiff brings this action to recover overpaid deficiency interest and obtain additional statutory interest which is owed by Defendant to Plaintiff in the amount of $199,794,982, calculated as of September 12, 2017, plus additional interest as allowed by law and any additional amounts owed to Plaintiff under the Internal Revenue Code, including I.R.C. Sections 6601, 6611, and 6621.

12. Bank of America timely filed consolidated corporation federal income tax returns (Forms 1120) for the 1996, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009 tax years with the Internal Revenue Service ("IRS").

13. BankAmerica timely filed consolidated corporation federal income tax returns (Forms 1120) for the 1989, 1991, 1992, 1993, 1995, and 1996 tax years with the IRS.

14. BankBoston timely filed consolidated corporation federal income tax returns (Forms 1120) for the 1993, 1994, 1998, and 1999 tax years with the IRS.

15. Fleet timely filed consolidated corporation federal income tax returns (Forms 1120) for the 2000, 2002, 2003, and 2004 tax years with the IRS.

16. Summit timely filed consolidated corporation federal income tax returns (Forms 1120) for the 1998, 1999, and 2000 tax years with the IRS.

17. MBNA timely filed consolidated corporation federal income tax returns (Forms 1120) for the 1997, 1999, 2001, 2002, 2003, 2004, and 2005 tax years with the IRS.

5

18. Merrill Lynch timely filed consolidated corporation federal income tax returns (Forms 1120) for the 1987, 1988, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006 tax years with IRS.

19. The IRS previously assessed, and Plaintiff paid, underpayments of federal income tax, plus underpayment interest pursuant to I.R.C. Section 6601, as reflected in Exhibits A, B, C, D, and G.

20. The IRS refunded to Plaintiff federal income tax overpayments, plus overpayment interest pursuant to I.R.C. Section 6611 as reflected in Exhibits A, B, C, D, and G.

21. With respect to the tax overpayments described in paragraph 20, above, the IRS paid to Plaintiff interest at the overpayment rates pursuant to I.R.C. Sections 6611 and 6621. The overpayment interest included payments relating to periods overlapping with the tax underpayments described in paragraph 19, above.

22. With respect to the tax underpayments described in paragraph 19, above, the IRS charged and Plaintiff paid to Defendant interest at the higher underpayment interest rates pursuant to I.R.C. Sections 6601 and 6621. The underpayment interest included payments relating to periods overlapping with the tax overpayments described in paragraph 20, above.

23. Pursuant to the "Interest Netting" provisions of I.R.C. Section 6621, Plaintiff is entitled to the net interest rate of zero for overlapping periods of tax overpayments and underpayments (to the extent that such periods and amounts previously have not been used for Interest Netting). During these overlapping periods, the interest rate on equal amounts of underpayments and overpayments generally can be equalized to a net interest rate of zero by

6

decreasing the underpayment rate to the applicable overpayment rate, and/or increasing the overpayment rate to equal the applicable underpayment rate.

24. Pursuant to I.R.C. Sections 6601 and 6621, a refund of overpaid underpayment interest as a result of netting is due to Plaintiff in the amount of $104,038,168, computed through September 12, 2017. Additional overpayment interest will continue to accrue on this amount until it is paid to Plaintiff.

25. Pursuant to I.R.C. Sections 6611 and 6621, additional overpayment interest as a result of netting is due to Plaintiff in the amount of $71,728,095, as computed through September 12, 2017. Additional overpayment interest will continue to accrue on this amount until it is paid to Plaintiff.

26. Pursuant to I.R.C. Sections 6601 and 6611, there are other adjustments to overpayment and deficiency interest due to Plaintiff in the amount of $24,028,719, as computed through September 12, 2017. Additional overpayment interest will continue to accrue on this amount until it is paid to Plaintiff.

27. On or about June 26, 2015, in accordance with the procedures specified by the IRS, Plaintiff timely filed an administrative claim (Forms 843, Claim for Refund and Requests for Abatement) with the IRS Service Center located in Ogden, Utah. Among other things, the claim asserted that Plaintiff is entitled to: (a) refunds of overpaid underpayment interest related to interest netting, (b) payments of additional overpayment interest related to interest netting; and (c) additional adjustments to overpayment and underpayment interest resulting from computational errors, including errors in the application of credits. A copy of the June 26, 2015 administrative claim is attached as Exhibit A.

7

28. On or about January 3, 2017, in accordance with the procedures specified by the IRS, Plaintiff timely filed an administrative claim (Forms 843, Claim for Refund and Requests for Abatement) with the IRS Service Center located in Ogden, Utah. Among other things, the claim asserted that Plaintiff is entitled to: (a) refunds of overpaid underpayment interest related to interest netting; (b) payments of additional overpayment interest related to interest netting; and (c) additional adjustments to overpayment and underpayment interest resulting from computational errors, including errors in the application of credits. A copy of the January 3, 2017 administrative claim is attached as Exhibit B.

29. On or about February 7, 2017, in accordance with the procedures specified by the IRS, Plaintiff timely filed an administrative claim with the IRS Service Center located in Ogden, Utah. Among other things, the claim asserted that Plaintiff is entitled to: adjustments to overpayment and underpayment interest resulting from computational errors, including errors in the application of credits. A copy of the February 7, 2017 administrative claim is attached as Exhibit C.

30. On or about February 15, 2017, in accordance with the procedures specified by the IRS, Plaintiff timely filed an administrative claim (Forms 843, Claim for Refund and Requests for Abatement) with the IRS Service Center located in Ogden, Utah. Among other things, the claim asserted that Plaintiff is entitled to: (a) refunds of overpaid underpayment interest related to interest netting; (b) payments of additional overpayment interest related to interest netting; and (c) additional adjustments to overpayment and underpayment interest resulting from computational errors. A copy of the February 15, 2017 administrative claim is attached as Exhibit D.

31. On September 14, 2015, the IRS disallowed the June 26, 2015 administrative claim. A copy of correspondence from the IRS's disallowing the June 26, 2015 administrative claim is attached as Exhibit E.

32. On August 30, 2017, the IRS disallowed the January 3, 2017 administrative claim. A copy of correspondence from the IRS's disallowing the January 3, 2017 administrative claim is attached as Exhibit F.

33. Six months have elapsed since the February 7, 2017, and February 15, 2017 administrative claims were filed. Plaintiff has not received a notice of claim disallowance related to the February 7, 2017 and February 15, 2017 administrative claims.

34. Plaintiff has received certain refunds for Merrill Lynch. The amounts sought in this Complaint do not include the amounts of these refunds.

35. On August 23, 2016, Plaintiff filed a Complaint in the Court of Federal Claims with respect to approximately fifteen million dollars (for Bank of America for 2004, for Summit 1998, and for Fleet for 2000, 2002, and 2003). The amount sought in this Complaint does not include the amount sought in the Court of Federal Claims.

36. Pursuant to I.R.C. Sections 6601, 6611, and 6621, Plaintiff is entitled to a refund of $199,794,982 for amounts overpaid plus additional interest, as shown in Exhibit G. Plaintiff reserves for future netting any periods and amounts of underpayments or overpayments not utilized in the netting benefit accorded to Plaintiff in this action.

37. Plaintiff has not transferred or assigned any part of the claims for relief presented herein and is the sole and absolute owner of these claims. No action on these claims has been taken by the Congress of the United States or by any of the departments of the Government, other than the action by the IRS described above. Other than the suit described in

9

paragraph 35, which does not seek amounts sought in this complaint, no other suit or process by Plaintiff is pending in any court for the June 26, 2015, January 3, 2017, the February 7, 2017, or the February 15, 2017 administrative claims.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court enter judgment in its favor and award the following relief:

1. $199,794,982 for amounts due Plaintiff through September 12, 2017;

2. Additional statutory interest accruing after September 12, 2017; and

3. Any other amount, including interest and costs, allowed by law, and such other relief as the Court may deem just, including reserving for future netting any periods and amounts of underpayments or overpayments not utilized in the netting benefit granted by the Court.

DATED: September 13, 2017                                    Respectfully submitted,


                                                Respectfully submitted,

                                                **/s/ Hayden D. Brown**
                                                Hayden D. Brown
                                                NC Bar No. 15589
                                                Attorney for Plaintiff
                                                Mayer Brown LLP
                                                214 North Tryon Street, Suite 3800
                                                Charlotte, NC 28202
                                                Telephone: (704) 444-3512
                                                Fax: (704) 377-2033
                                                Email: hbrown@mayerbrown.com

/s/ Brian W. Kittle
Brian W. Kittle
NY Bar No. 4200556
Attorney for Plaintiff
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2187
Fax: (212) 849-5987
Email: bkittle@mayerbrown.com

*Pro Hac Vice Admission to be Filed*


/s/ Marjorie M. Margolies
Marjorie M. Margolies
IL Bar No. 6199350
Attorney for Plaintiff
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8044
Fax: (312) 706-9199
Email: mmargolies@mayerbrown.com

*Pro Hac Vice Admission to be Filed*

/s/ Geoffrey M. Collins
Geoffrey M. Collins
IL Bar No. 6303083
Attorney for Plaintiff
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2633
Fax: (212) 849-5541
Email: gcollins@mayerbrown.com

*Pro Hac Vice Admission to be Filed*