IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-546-RJC-DSC

| | |
|---|---|
| BANK OF AMERICA CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Transfer to the Court of Federal Claims or, in the Alternative, to Dismiss for Lack of Subject Matter Jurisdiction" (document #32) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned denies Defendant's Motion to Transfer, and respectfully recommends that the alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction be <u>denied</u> as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2017, Plaintiff filed its Complaint, which as amended, seeks to recover $163 million under the Internal Revenue Code. Specifically, Plaintiff seeks interest adjustments in six Bank of America tax years and eleven tax years for Merrill Lynch, which Plaintiff acquired in 2013. Two types of interest are at issue here: interest on tax overpayments (interest the Internal

Revenue Service ("IRS") owes to a taxpayer), and interest on tax underpayments (interest a taxpayer owes to the IRS, sometimes referred to as "deficiency interest"). For some of the years at issue, Plaintiff seeks refunds of underpayment interest. In others, Plaintiff seeks overpayment interest. Some years involve both types of interest.

Defendant has moved to sever and transfer to the Court of Federal Claims nine of Plaintiff's overpayment interest claims, or in the alternative to dismiss those claims for lack of subject matter jurisdiction. Defendant argues that the Court of Federal Claims has exclusive jurisdiction over those claims under the Tucker Act, 28 U.S.C. § 1346(a)(2) since they each exceed $10,000.

## II. DISCUSSION

Subject matter jurisdiction is a threshold issue for the Court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond,

- 2 -

Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).

The Court of Federal Claims' jurisdiction "is 'exclusive' only to the extent that Congress has not granted any other court authority to hear the claims…" Bowen v. Mass., 487 U.S. 879, 910 n.48 (1988). Accordingly, "if [28 U.S.C. §] 1346(a)(1) does provide for jurisdiction in U.S. district court, the mere fact that the Tucker Act may also provide jurisdiction in the Court of Federal Claims does not automatically trump the jurisdictional grant of [28 U.S.C. §] 1346." Roberts v. U.S., 242 F.3d 1065, 1068 (Fed. Cir. 2001) (emphasis in original).

The weight of authority on this issue has upheld the District Courts' subject matter jurisdiction over overpayment interest claims pursuant to 28 U.S.C. § 1346(a)(1). See Ford Motor Co. v. U.S., 768 F.3d 580, 584 (6th Cir. 2014) (refusing to reconsider precedent holding that 28 U.S.C. § 1346(a)(1) applied to overpayment interest), cert. denied, 135 S. Ct. 2858 (2015); E.W. Scripps Co. v. U.S., 420 F.3d 589, 596–97, 598 (6th Cir. 2005) ("In sum, we believe that, through the 'any sum' provision of [28 U.S.C.] § 1346(a)(1), the federal government has waived its sovereign immunity with respect to suits for interest on overpayments of tax that are brought in federal district court."), aff'g, 2003 U.S. Dist. LEXIS 12677 (S.D. Ohio Jun. 16, 2003); Pfizer, Inc. v. U.S., Dkt. No. 16-cv-01870, Index No. 33, slip op. at 4, 2016 U.S. Dist. LEXIS 153241, at *6 (S.D.N.Y. Oct. 31, 2016) (Pfizer I) ("The weight of authority supports the conclusion that [28 U.S.C.] § 1346(a)(1) grants district courts subject matter jurisdiction over actions seeking overpayment interest), on appeal, No. 17-2307 (2d Cir. Oct. 12, 2017); Wichita Ctr. for Graduate Med. Educ., Inc. v. U.S., No. 16-1054, Index No. 22, slip op. at 7, 2016 U.S. Dist. LEXIS 97639, at *6–7 (D. Kan. Jul. 26 2016) (the court agrees with the Sixth Circuit's view expressed in Scripps); Doolin v. U.S., 737 F. Supp. 732, 734 (N.D.N.Y. Apr. 20, 1990) ("[A] federal district court [has]

subject matter jurisdiction over . . . disputes . . . regarding the interest required by Congress to be paid on tax overpayments . . . ."), rev'd on other grounds, 918 F.2d 15 (2d Cir. 1990); Trs. of Bulkeley Sch. v. U.S., 628 F. Supp. 802, 803 (D. Conn. Feb. 18, 1986) (holding that the court had jurisdiction under 28 U.S.C. § 1346(a)(1) and in regard to the Government's argument that the $10,000 limit applied, concluding that "[i]t is unlikely that the Congress would have enacted sub silentio so significant a restriction on the tax jurisdiction of the federal district courts."); Triangle Corp. v. U.S., 592 F. Supp. 1316, 1318 (D. Conn. Sept. 27, 1984) (holding that the court had jurisdiction under 28 U.S.C. § 1346(a)(1) and noting that "[t]o construe the statutes otherwise would emasculate enforcement of the right to interest and thus fail to effectuate the intent of Congress"), reconsideration denied, 597 F. Supp. 507, 509 (D. Conn. Nov. 28, 1994) ("[T]his court may exercise its jurisdiction over this matter, and . . . the taxpayer may elect [its] forum between the alternative jurisdictions created by Congress."); Draper v. U.S., 10 A.F.T.R.2d 5446, at *1, 62-2 USTC ¶ 9697, at 82,825 (E.D.Wash. Aug. 17, 1962) (holding that the Court had jurisdiction under 28 U.S.C. § 1346(a)(1)). But see Amoco Prod. Co. v. U.S., 1988 U.S. Dist. LEXIS 954 (N.D. Ill. Feb. 5, 1988) (holding that district court lacked jurisdiction under 28 U.S.C. § 1346(a)(1)).

This Court is persuaded by the majority's rationale. Accordingly, Defendant's Motion to Transfer Venue is denied. For the same reasons, the undersigned respectfully recommends that the alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction be denied.

### III. ORDER

**FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED** that Defendant's "Motion to Transfer to the Court of Federal Claims…" (document #32) is **DENIED**.

- 4 -

Case 3:17-cv-00546-RJC-DSC   Document 47   Filed 01/10/19   Page 4 of 5

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "… Alternative [Motion to] Dismiss for Lack of Subject Matter Jurisdiction" (document #32) be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 10, 2019

David S. Cayer
United States Magistrate Judge