UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-546-RJC-DSC

| | | |
|---|---|---|
| BANK OF AMERICA CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| | ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Transfer Venue to the Court of Federal Claims, or in the Alternative, to Dismiss for Lack of Subject Matter Jurisdiction ("Defendant's Motion"), (Doc. No. 32), and the parties' associated briefs and exhibits; the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 47), denying Defendant's Motion to Transfer Venue and recommending that this Court deny Defendant's alternative Motion to Dismiss; Defendant's Objections thereto, (Doc. No. 49); and Plaintiff's responsive briefing, (Doc. No. 50).

I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Id.; Fed. R. Civ. P. 72(a). An order transferring a case to another district court is generally viewed as a non-dispositive matter, and thus is reviewed under Rule 72(a). See Cadence Bank, N.A. v. Horry Props., LLC, No. 2:09-cv-44, 2010 WL 4026392, at *2 n.4 (W.D.N.C. Oct. 13, 2010). A magistrate judge's order is contrary to law if the judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

Defendant filed an objection to the M&R's recommendation to deny

Defendant's alternative Motion to Dismiss. In support of its objection, Defendant essentially makes two arguments: (1) the Sixth Circuit's analysis in E.W. Scripps Co. v. United States, 420 F.3d 589 (6th Cir. 2005), and related cases erroneously interpreted 28 U.S.C. § 1346(a)(1); and (2) 28 U.S.C. § 1346(a)(1) only applies to refund—not overpayment—suits. The Court finds both objections meritless and concludes that this Court has subject matter jurisdiction over Plaintiff's claim.

> A. **The M&R correctly concluded that the weight of authority provides that district courts have subject matter jurisdiction over overpayment interest claims under 28 U.S.C. § 1346(a)(1).**

28 U.S.C. § 1346(a)(1) grants concurrent jurisdiction to district courts and the Court of Federal Claims:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1) (2018).

As the M&R notes, most courts that have considered the issue—including the Sixth Circuit—have held that, under § 1346(a)(1), district courts have subject

3

matter jurisdiction over overpayment claims.[1]   Indeed, only one unreported district court opinion concludes otherwise.[2]

The Court finds the Sixth Circuit's rationale in Scripps persuasive.  In Scripps, the Sixth Circuit held that the broad language of § 1346(a)(1)—specifically the phrase "any sum"—includes overpayment interest:

> The payment of statutory interest reflects an attempt to return the taxpayer and the Government to the same positions they would have been in if no overpayment of tax had been made. If the Government does not compensate the taxpayer for the time-value of the tax overpayment, the Government has retained more money than it is due, i.e., an "excessive sum."

Scripps, 420 F.3d at 597 (internal citations omitted).

Defendant argues that Scripps misinterprets the phrase "any sum alleged to have been excessive" because the preceding "alleged to have been" indicates the taxpayer's perspective. (Doc. No. 49 at 13). Defendant contends that overpayment claims involve situations where the United States paid insufficient interest to a taxpayer as opposed to taking an excessive sum of interest from a taxpayer. Id. Thus, from the taxpayer's perspective, the United States did not take an "excessive sum," but rather paid out an insufficient sum. Id.

---

[1] See Ford Motor Co. v. United States, 768 F.3d 580, 584 (6th Cir. 2014); E.W. Scripps Co. v. United States, 420 F.3d 589 (6th Cir. 2005); Pfizer, Inc. v. United States, No. 16-civ-1870, 2016 WL 6902196, at *6 (S.D.N.Y. Oct. 31, 2016); Wichita Ctr. for Graduate Med. Educ., Inc. v. United States, No. 16-1054, 2016 WL 7386454, at *6-7 (D. Kan. Jul. 26, 2016); Doolin v. United States, 737 F. Supp. 732, 734 (N.D.N.Y. Apr. 20, 1990), rev'd on other grounds, 918 F.2d 15 (2d Cir. 1990); Trs. Of Bulkeley Sch. vs. United States, 628 F. Supp. 802, 803 (D. Conn. Feb. 18, 1986); Triangle Corp. v. United States, 592 F. Supp. 1316, 1318 (D. Conn. 1984).

[2] See Amoco Prod. Co. v. United States, No. 87-c-8811, 1988 WL 9112, at *5 (N.D. Ill. Feb. 5, 1988).

4

As Scripps points out, Defendant's narrow reading focuses only on the literal, current state of the accounting ledger between the taxpayer and the United States. In the overpayment scenario, even though the United States does not take an "excessive sum" from the taxpayer at first, the government would retain an "excessive sum" by keeping the accumulated interest on funds it was never owed. Regardless of whether the government initially takes an excessive sum from the taxpayer or subsequently pays out an insufficient sum to the taxpayer, the end result is the same from the taxpayer's perspective: in either scenario, the taxpayer is due money from the United States.

In sum, the Court agrees with the M&R's conclusion and finds persuasive the rationale set forth in Scripps and found by a great majority of courts that have considered the issue of overpayment claims.

### B. Defendant's interpretation of § 1346(a)(1) and § 7422(a) is unpersuasive.

Second, Defendant argues that because 28 U.S.C. § 1346(a)(1) and I.R.C. § 7422(a) contain overlapping language, § 7422(a)'s header describing "refunds" should be transposed onto § 1346(a)(1) as well. Therefore, Defendant contends § 1346(a)(1) jurisdiction should only apply to 'refunds' and not overpayment suits.

As stated above, § 1346(a)(1) grants concurrent jurisdiction to federal district courts and the Court of Federal Claims. 28 U.S.C. § 1346(a)(1). Conversely, I.R.C. § 7422(a) establishes pre-requisites for refund suits:

> (a) No suit prior to filing claim for refund. – No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of

any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a) (2018); see also United States v. Dalm, 494 U.S. 596, 601 (1990) ("[Section 7422(a)] qualif[ies] a taxpayer's right to bring a refund suit upon compliance with certain conditions."); Flora v. United States, 362 U.S. 145, 148 (1960) ("[Section 7422(a)] is a jurisdictional condition precedent to maintenance of a refund suit in a District Court.").

Although much of the relevant language of § 1346(a)(1) and § 7422(a) overlap, a plain reading of the qualifying header in § 7422(a) – "No suit prior to filing claim for refund" – explicitly limits the rest of the paragraph to refund suits. In contrast, § 1346(a)(1) includes no such heading. The Court finds this distinction meaningful.

As explained above, and as the parties agree, overpayment claims are not refund suits. This is because the United States is compensating the taxpayer for the interest on the taxpayer's money, not returning funds improperly paid. See Alexander Proudfoot Co. v. U.S., 454 F.2d 1379, 1384 (Ct. Cl. 1972) ("[I]nterest is paid by the United States, not as a refund of interest previously paid by the taxpayer on demand of the Service, but simply because the Government has had the use of money found to belong to the taxpayer."); (Doc. No. 33 at 12 (citing same language)); (Doc. No. 37 at 10 (referencing same language)). Therefore, the logical conclusion is that the categorical and procedural qualifications of § 7422(a) do not apply to non-refund suits, such as overpayment claims.

Indeed, the majority of courts interpreting § 1346(a)(1) and finding that district courts have subject matter jurisdiction do not entertain § 7422(a) limitation challenges. See Scripps, 420 F.3d at 592 ("That district courts have subject matter jurisdiction over taxpayer suits for interest on tax overpayments at first blush appears so obvious that many courts have found no need to dwell on the question at any great length."). Most district courts have reasoned that if they have jurisdiction over the initial refund claims, then they must also have jurisdiction over suits that concern the amount of interest to be paid on those refunds. See Doolin v. United States, 737 F. Supp. 732, 733–34 (N.D.N.Y. Apr. 20, 1990), rev'd on other grounds, 918 F.2d 15 (2d Cir. 1990).

Defendant cites to Electrical Welfare Trust Fund v. United States, 907 F.3d 165 (4th Cir. 2018) in order to support its position that § 1346(a)(1) and § 7422(a) should be read *in pari materia*.[3] In Electrical Welfare, the plaintiff sued the United States in order to recover over $1 million paid to the Department of Health and Human Services ("HHS") as part of the Affordable Care Act of 2010. Id. at 166. On appeal, the plaintiff claimed that "its payment to the Department of Health and Human Services was an 'internal-revenue tax' under § 1346, allowing it to proceed in federal district court." Id. at 165. The Fourth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction, finding that the payment was not a "tax" within the meaning of 1346(a)(1)'s "internal-revenue tax." Id. at 170. In

---

[3] "*In pari materia* [Latin 'in the same matter'] . . . It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." *In pari materia*, Black's Law Dictionary (10th ed. 2014).

7

reaching this decision, the Fourth Circuit isolated and identified the phrase "internal revenue tax" as the phrase at issue in Electrical Welfare. Id. at 168. In contrast, a different phrase of § 1346(a)(1) controls the instant action: "any sum alleged to have been excessive."

Although the Fourth Circuit in Electrical Welfare read both § 1346(a)(1) and § 7422(a) *in pari materia*, the Fourth Circuit did so for the limited purpose of interpreting the phrase "internal-revenue tax"—not the "any sum" or "excessive" language at issue here. The Supreme Court previously held that the phrase "internal-revenue tax" should be read in the disjunctive and thus does not impose any qualifications on the phrases "any sum" or "excessive."[4] Additionally, the claim in Electrical Welfare involved a refund claim where the plaintiff already paid over $1 million to HHS. Id. at 166. Conversely, here, Plaintiff is seeking overpayment interest—not a refund—and therefore, Electrical Welfare is distinguishable.

In sum, the Court is not persuaded by Defendant's interpretation argument. The Court finds that I.R.C. § 7422(a) and 28 U.S.C. § 1346(a)(1) serve different functions and that § 7422(a) does not limit § 1346(a)(1). The Court agrees with the M&R and finds that this Court has jurisdiction over Plaintiff's overpayment claims.

---

[4] Flora, 362 U.S. 149–150 ("But we believe that [§1346(a)(1)] more readily lends itself to the disjunctive reading which is suggested by the connective 'or.' That is, 'any sum,' instead of being related to 'any internal-revenue tax' and 'any penalty,' may refer to amounts which are neither taxes nor penalties. Under this interpretation, the function of the phrase is to permit suit for recovery of items which might not be designated as either 'taxes' or 'penalties' by Congress or the courts. One obvious example of such a 'sum' is interest.").

And for the same reasons, the Court likewise finds that the Magistrate Judge's denial of Defendant's Motion to Transfer Venue to the Court of Federal Claims was proper. Therefore, the Court **DENIES** Defendant's Motion.

IV. CONCLUSION

After an independent review of the M&R, (Doc. No. 47), Defendant's Objections thereto, (Doc. No. 49), and a de novo review of the record, the Court concludes that the M&R's recommendation is correct and in accordance with law.

IT IS THEREFORE ORDERED THAT:

(1) The Magistrate Judge's M&R on Defendant's Motion, (Doc. No. 47), is **AFFIRMED and ADOPTED**; and

(2) Defendant's Motion to Transfer Venue to the Court of Federal Claims, or in the Alternative, to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. No. 32), is **DENIED**.

Signed: June 30, 2019

Robert J. Conrad, Jr.
United States District Judge